UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL CASE NO.: 14-15354-E

BRAD BUEHRLE,

     Appellant,

v.

CITY OF KEY WEST,

     Appellee.

_____/

**APPELLANT BRAD BUEHRLE'S APPLICATION
FOR APPELLATE ATTORNEY'S FEES AND INCORPORATED
MEMORANDUM OF LAW**

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. Rule 26.1, counsel for the Appellant Brad Buehrle submits this list, which includes the trial judges and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this review, comprising the names:

Buehrle, Brad

Buehrle, Jennifer

Burke, Michael T.

City of Key West

Erskine, Larry

Ghost Ship, LLC

Johnson, Anselmo, Murdock, Burke, Piper & Hochman, PA

Martinez, Jose E.

McAliley, Chris

Ramsingh, Ronald

Slaton, Tegan

Smith, Brett Tyler

Smith, Shawn

Smith, Wayne LaRue

The Smith Law Firm, a professional association

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### APPEAL CASE NO.: 14-15354-E

BRAD BUEHRLE,

      Appellant,

v.

CITY OF KEY WEST,

      Appellee.

_____/

### APPELLANT BRAD BUEHRLE'S APPLICATION
### FOR ENTITLEMENT OF APPELLATE ATTORNEY'S FEES AND
### INCORPORATED MEMORANDUM OF LAW

Appellant, Brad Buehrle ("Buehrle"), through undersigned counsel and pursuant to 11th Circuit Rule 39-2 and 42 U.S.C. § 1988, moves this Court for an order awarding entitlement to his appellate attorney's fees. Buehrle's evidence (declarations and time records) are filed as an attachment to this Application. The grounds for this Application are as follows:

  1. Buehrle is represented in this action by Wayne LaRue Smith, Esq., senior attorney of The Smith Law Firm, a professional association ("TSLF") of Key West, Florida, and Brett Tyler Smith, Esq., an associate attorney with TSLF.

  2. On November 30, 2012, Buehrle initiated this action in the 16th judicial circuit court, Monroe County, Florida against the City of Key West ("City"), Florida pursuant to the First Amendment of the United States Constitution, 42

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

U.SC. § 1983, alleging, *inter alia*, that Defendant City of Key West ("City") violated Buehrle's right to artistic expression by barring Buehrle from opening a tattoo establishment in the City's designated historic district, pursuant to an ordinance strictly limiting the number of tattoo establishments permitted to operate there. Buehrle sought declaratory and injunctive relief in addition to monetary damages and attorneys' fees and costs pursuant to 42 U.S.C. § 1988. An amended complaint was filed on April 18, 2013, which added two additional counts brought under the Fourteenth Amendment and requesting the same relief. The City removed the case to federal court on May 10, 2013.

3.  After the parties concluded all discovery[1], both agreed that there were no factual disputes remaining, and each party moved for summary judgment. The district court entered summary judgment in favor of the City on all counts of Buehrle's amended complaint. Buehrle appealed the final judgment solely on his First Amendment cause of action.

4.  The parties fully briefed the issues before the Court, with oral arguments being heard on October 2, 2015, and on December 29, 2015, the Court issued its opinion reversing the district court's ruling in favor of the City and remanding the case for further proceedings consistent with the opinion.

---

[1] The discovery in this matter consisted of broad document requests to both parties in addition to numerous depositions of City officials and Mr. Buehrle.

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

5.   Accordingly, pursuant to 11th Circuit Rule 39-2 and 42 U.S.C. § 1988, Buehrle is the prevailing party on appeal and is entitled to his reasonable attorney's fees in bringing this appeal.   Attached to this Application is the affidavit of Buehrle's counsel, Wayne LaRue Smith (senior attorney) along with the contemporaneous time records. The affidavit and exhibit provide the detail and documentation supporting the reasonable hours spent on this matter and the skill and experience of Buehrle's attorneys that merit the market rate they seek. Also attached is the Affidavit of Steven Robert Kozlowski, a local Miami/Key West, Florida attorney who is not connected to either Buehrle's attorneys or this case, but who provided his opinion on the reasonableness of the market rates requested by Buehrle's attorneys.

6.   Buehrle's lead attorney, Wayne LaRue Smith, reasonably expended on this appeal a total of 25.7 hours in legal services in this Court, as evidenced by his Affidavit and Exhibit 1 thereto, itemizing those hours.

7.   The prevailing market rate for the kind and quality of services furnished by Buehrle's lead attorney ranges from $400.00 to $550.00 per hour, as evidenced by the Affidavit of Steven Robert Kozlowski, Esq. attesting to the current rates charged for comparable professional services in the Key West, Florida market.  See Affidavit of Steven Robert Kozlowski, ¶ 4.  Buehrle requests a prevailing market

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

rate of $525.00 per hour for Wayne LaRue Smith.

8.  TSLF's associate attorney, Brett Tyler Smith, reasonably expended on this appeal a total of 117.40 hours in legal services in this Court, as evidenced by the Affidavit of Wayne LaRue Smith and Exhibit 1, itemizing those hours.

9.  The prevailing market rate for the kind and quality of services furnished by TSLF's associate attorney ranges from $250.00 to $375.00 per hour, as evidenced by the Affidavit of Steven Robert Kozlowski, Esq. attesting to the current rates charged for comparable professional services in the Key West, Florida market.  See Affidavit of Steven Robert Kozlowski, ¶ 5.  Buehrle requests a prevailing market rate of $300.00 per hour for Brett Tyler Smith.

10. None of the hours for which fees are requested are duplicative or excessive, nor do they include hours spent on matters on which Buehrle did not prevail or are only arguably awardable or that are not usually awarded as attorney's fees under 42 U.S.C. § 1988.

11. The prevailing hourly market rate, multiplied by the total reasonable hours expended, results in the fees as shown in the table below:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Wayne LaRue Smith | 25.7 | 525.00 | $13,492.50 |
| Brett Tyler Smith | 117.40 | 300.00 | $35,220.00 |
| **TOTAL** | | | **$ 49,492.50** |

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

## MEMORANDUM OF LAW

This memorandum is respectfully submitted on behalf of Appellant, Brad Buehrle ("Buehrle") in support of his Application for Appellate Attorney's Fees pursuant to 42 U.S.C. § 1988.

## ARGUMENT

**I.  AS THE PREVAILING PARTY IN AN APPEAL BROUGHT PURSUANT TO 42 U.S.C. § 1983, BUEHRLE IS ENTITLED TO AN AWARD OF HIS REASONABLE ATTORNEY'S FEES AS THE PREVAILING PARTY TO THIS APPEAL UNDER THE CIVIL RIGHTS ATTORNEY'S FEES AWARD ACT OF 1976.**

As the prevailing party in an appeal brought pursuant to 42 U.S.C. § 1983 ("section 1983"), Buehrle is entitled to an award of his reasonable attorney's fees and expenses incurred in this action pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 ("section 1988").  It cannot be disputed that Buehrle's claims in the present case arose under section 1983 and that the provisions of section 1988 apply to this action.

Section 1988(b) provides that,

> [i]n any action or proceeding to enforce a provision of section[ ] . . .1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

*Brad Buehrle v. City of Key West*                              Appeal No. 14-15354-E

Congress and the courts have established a very liberal standard for awarding attorneys' fees to prevailing plaintiffs under section 1988. The legislative history of section 1988 and the case law both make clear that prevailing plaintiffs are entitled to such an award "'unless special circumstances would render such an award unjust.'" <u>Kentucky v. Graham</u>, 473 U.S. 159, 164 (1985) (quoting S. Rep. No. 94-101 l, p. 4 (1976)); <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983).

While an award of attorney fees under section 1988 is within the discretion of the court, this Court has held that "the court's discretion is exceedingly narrow." <u>Church of Flag Service. Org., Inc. v. City of Clearwate</u>*r*, 2 F.3d 1509, 1513 (11th Cir. 1993). <u>See also</u> <u>Maloney v. City of Marietta</u>, 822 F.2d 1023, 1025 (11th Cir. 1987) ("Our cases have made clear, however, that a court's discretion to deny fees to a prevailing party in these cases is 'exceedingly narrow'); <u>Solomon v. City of Gainesville</u>, 796 F.2d 1464, 1466 (11th Cir. 1986) ("Indeed, absent special circumstances that would render an award unjust, a prevailing plaintiff under section 1988 should be awarded fees 'as a matter of course.'").

The test of whether one is a prevailing party is whether he or she has received substantially the relief requested or has been successful on the central issue. <u>See</u> <u>Solomon</u>, 796 F.2d at 1466; <u>See also</u> <u>Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.</u>, 489 U.S. 782, 791 (1989) ("A prevailing party [is] one

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation."). Remedies available under section 1983 include "monetary, declaratory, or injunctive relief." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978); see also Lefemine v. Wideman, 133 S. Ct. 9, 11 (2012) ("[W]e have repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy th[e prevailing party] test.").

There can be no question that Buehrle is the prevailing party within the meaning of section 1988. Buehrle prevailed in his appeal which overturned the district court's order granting summary judgment in favor of the City. Additionally, as this Court set forth in its opinion, the "City failed to satisfy this burden. On the record before us, the City has presented insufficient evidence that it had a reasonable basis for believing that its ordinance would actually serve the significant governmental interests it propounds." Opinion, p. 13. The City produced no such evidence in response to Buehrle's requests for production, and will be unable to do so upon remand. Accordingly, an award of attorneys' fees and expenses pursuant to section 1988 should be made as a matter of course. Finally, Buehrle should be compensated for their work in preparing this submission. Coulter v. Tennessee, 805 F.2d 146, 151 (6th Cir. 1986) ("(t)ime spent in

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

preparing, presenting, and trying attorney fee applications is compensable"), cert.

denied, 482 U.S. 914 (1987).

As noted, a court may deny a fee application only in the most limited

circumstances, none of which is present here.  Johnson v. State of Mississippi, 606

F.2d 635, 636 (Former 5th Cir. 1979) ("the prevailing [party] should ordinarily

recover an attorney's fees unless special circumstances would render such an

award unjust").  Special circumstances may exist where, for example, a prevailing

party "declines to proffer any substantiation" of the fee amount, or where the

application is "grossly and intolerably exaggerated" or "manifestly filed in bad

faith."  Jordan v. Department of Justice, 691 F.2d 514, 518 (D.C. Cir. 1982).

Obviously, these narrow exceptions do not apply here.[2]

Even where state officers act in good faith in seeking to defend a law that is

later held to be unconstitutional, such good faith is not a "special circumstance"

sufficient to deny an award of fees to the prevailing party and is, indeed, irrelevant

to the fee award issue. See Hutto v. Finney, 437 U.S. 678, 699 n.32 (1978); See

also Martin, 773 F.2d at 1150 ("Defendants' good faith, lack of culpability, or

---

[2] It is Defendant's burden to show that such unusual circumstances exist. Martin v.
Heckler, 773 F.2d 1145, 1150 (11th Cir. 1985), rev'd on other grounds by Texas
Teachers Assoc. v. Garland Independent School District, 498 U.S. 782 (1989). To
justify denial of section 1988 fees to prevailing parties, defendants must make a
strong showing. Martin, 773 F.2d at 1150.

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

prompt remedial actions do not warrant a denial of fees under the special circumstances preclusion."); Ellwest Stereo Theatre, Inc. v. Jackson, 653 F.2d 954, 956 (5th Cir. Unit B 1981) ("The good faith of government defendants acting in their official capacity is not a relevant factor for the district court to consider when determining whether special circumstances exist.").

Nor is a Plaintiff's ability to pay its own counsel fees relevant to the analysis. Ellwest, 653 F.2d at 956 (5th Cir. 1981) ("prevailing plaintiffs' ability to pay is not a special circumstance rendering an award under § 1988 unjust"). See also, Democratic Party v. Reed, 388 F.3d 1281, 1285 (9th Cir. 2004) ("People and entities whose civil rights have been unconstitutionally abridged are generally entitled to attorneys' fees under § 1988 regardless of their ability to pay their attorneys"); Jones v. Wilkinson, 800 F.2d 989, 991 (10th Cir. 1986) ("the ability of a party to bring a suit without a fee award is not a special circumstance rendering a fee award unjust"); Milwe v. Cavuoto, 653 F.2d 80, 83 (2d Cir. 1981) ("That plaintiff was fortunate enough to be financially able to retain private counsel is irrelevant.").

Since no special circumstances exist in this case, Buehrle is entitled to an award of his reasonable attorney's fees incurred. It remains only for the Court to determine reasonable attorney's fees within the meaning of section 1988.

*Brad Buehrle v. City of Key West*                          Appeal No. 14-15354-E

## II.  THE ATTORNEYS' FEES CLAIMED BY BUEHRLE ON APPEAL IS REASONABLE AND SHOULD BE AWARDED IN THEIR ENTIRETY

The Supreme Court has stated that "'[t]he most useful starting point for [determination of] the amount of a reasonable fee [payable to a prevailing party] is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002) (quoting Hensley, 461 U.S. at 433).  This Court has agreed.  See, e.g., Mayson v. Pierce, 806 F.2d 1556 (11th Cir. 1987).  The product of the two numbers is commonly referred to as the lodestar figure.  Camden I Condominium Assoc. Inc. v. Dunkle, 946 F.2d 768, 772 (11th Cir. 1991).

### A. Lodestar Amount

The general principles governing the award of attorney's fees are well settled.  The lodestar figure or product is determined by multiplying the number of hours reasonably expended by the attorney's reasonable hourly rate. Hensley, 461 U.S. at 433.  The "resulting product *is presumed* to be the reasonable fee to which counsel is entitled." Pennsylvania v. Del. Valley Citizens Council for Clean Air, 478 U.S. 546, 564 (1986); see also Blum v. Stenson, 465 U.S. 886, 897 (1984). The Supreme Court has stated: "We . . . take as our starting point the self-evident proposition that the reasonable attorney's fee provided by [42 U.S.C. § 1988]

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

should compensate" for "the work product of an attorney." <u>Missouri v. Jenkins ex rel. Agyei</u>, 491 U.S. 274, 285 (1989) (internal quotations omitted).

       i.  <u>Hours Reasonably Expended</u>

As the first step in the lodestar determination, the Court must determine whether the prevailing party's attorneys' hours were reasonably expended. With respect to hours reasonably expended, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." <u>Norman v. Housing Authority</u>, 836 F.2d 1292, 1303 (11th Cir. 1988). This proof must be sufficiently detailed to enable the courts to evaluate the reasonableness of the hours expended. <u>Id.</u>; <u>See also</u> <u>American Civil Liberties Union of Georgia v. Barnes</u>, 168 F.3d 423, 427 (11th Cir. 1999) ("[f]ee counsel should have maintained records to show the time spent on the different claims. . . so that the district court can assess the time claimed for each activity.").

In support of Appellant's Application, the following affidavit has been submitted herewith:

- The Affidavit of Wayne LaRue Smith ("Wayne Affidavit"). Mr. Wayne LaRue Smith describes the practice of The Smith Law Firm ("TSLF"), the professional background and experience of the members of the litigation team and the specific responsibilities of each TSLF attorney who worked on the appeal. Mr.

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

Wayne LaRue Smith also summarizes the tasks performed by himself and Brett Tyler Smith during the course of the appeal and includes, as Exhibit 1 to his affidavit, the actual line-item contemporaneous daily time reports for the appeal. Mr. Wayne LaRue Smith also sets forth the sum of fees requested for work performed by each TSLF attorney during the appeal.

The affidavit of Mr. Wayne LaRue Smith also demonstrates that care was taken to allocate responsibility for the various tasks required in handling the matter. Mr. Wayne LaRue Smith, in light of the breadth and depth of his experience in handling these matters, was heavily involved in supervising all aspects of the appeal. He handled client conferences and communications, directed strategy, final preparation of all papers and made the oral presentation to the Court. Care was taken to prevent duplication of efforts in the handling of the appeal. Mr. Brett Tyler Smith principally focused his efforts on preparation of the mediation memorandum, briefs, and researching case law.

### ii. Hourly Rates

As the second step in the lodestar determination, the Court must also determine a reasonable hourly rate. The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." Norman, 836 F.2d at 1301. A "reasonable hourly rate is the prevailing market rate in the relevant legal

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

community for similar services by lawyers of reasonably comparable skills, experience, and reputation'" Id. (quoting Blum, 465 U.S. at 896 n.11) (citation omitted); See also Gaines v. Dougherty Co. Board of Education, 775 F.2d 1565, 1571 (11th Cir. 1985) ("[r]reasonable fees under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel ") (quoting Blum, 465 U.S. at 895) (emphasis removed).  A logical starting place for the Court is the hourly rate normally charged by the applicant.  Hadix v. Johnson, 65 F.3d 532, 536 (6th Cir. 1995) ("where an attorney requesting fees has well-defined billing rates, those rates can be used to help calculate a reasonable rate for the fee award . . . [N]ormal billing rates usually 'provide an efficient and fair short cut for determining the market rate."); See also Mayson, 806 F.2d at 1563, (Clark, J dissenting) ("The starting point in assessing reasonable fees when the successful litigant is represented by private counsel is his regular hourly billing rate. . .").

As the affidavit of Mr. Wayne LaRue Smith demonstrates, the rates charged to Buehrle by TSLF are the rates normally charged by those firms for work performed. The rates reflect counsel's experience level and the quality of their work, consistent with the prevailing market rates for similar competent counsel in Key West, Florida.

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

The Eleventh Circuit has noted that:

> . . . there might be a case where use of an attorney from a higher-rate market who had extensive prior experience with a particular factual situation could be justified because of efficiencies resulting from that prior experience. That could be reasonable and cost sensible, especially if it resulted in lower costs than would otherwise be necessary.

<u>Barnes</u>, 168 F.3d at 438.

Although Buehrle did not seek an attorney from a different market, this case is the perfect example of utilizing prior successful experience in challenging the City's ordinance. As lead counsel in prior litigation against the City challenging an ordinance that completely banned tattoo establishments in Key West, TSLF attorneys gathered valuable experience that was indispensable in bringing this appeal to a successful conclusion in the most efficient way possible. (*See* Wayne LaRue Smith Affidavit ¶ 7.)  Mr. Wayne LaRue Smith's experience was particularly valuable, as he was personally involved in the previous challenge against the City which resulted in a favorable settlement. <u>Id.</u>  In determining Buehrle's fee award in the instant matter, the Court, should apply the TSLF rates ordinarily billed.

Having demonstrated the reasonableness of the time spent and the reasonableness of the rates charged, the lodestar amount — the product of the two

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

— is established.  There is a "strong presumption" that this lodestar figure represents a reasonable fee.  <u>Delaware Valley I</u>, 478 U.S. at 565.  The court may adjust the fee award upward or downward from the lodestar amount based on other considerations.  <u>Hensley</u>, 461 U.S. at 434; <u>Dunkle</u>, 946 F.2d at 772. The factors governing such adjustments were first articulated in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974), and have been adopted by the Eleventh Circuit.[3] <u>See</u>, <u>e.g.</u>, <u>Mayson</u>, 806 F.2d at 1559.

In the instant matter Buehrle prevailed on his appeal. This Court has held that if a "plaintiff obtains 'excellent results,' his attorney should be fully compensated for all time reasonably expended on the litigation."  <u>Popham v. City of Kennesaw</u>, 820 F.2d 1570, 1578-79 (11th Cir. 1987) (quoting <u>Hensley</u>, 461 U.S. at 435).  Here, it cannot be disputed that Buehrle obtained "excellent results," since Buehrle's appeal resulted in a reversal and remand.  Additionally, upon remand the

---

[3] The twelve factors summarized in <u>Hensley</u>, are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." <u>Hensley</u>, 461 U.S. at 430 n.3. The <u>Hensley</u> Court also observed that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." <u>Id.</u> at 434 n.9.

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

City will be unable to prevail after application of the instructions provided by this Court in its opinion.  Buehrle requested documents relating to all evidence the City relied upon prior to enacting the subject ordinance and the City failed to provide a single document.  Further, as this Court noted, the City, on its own behalf, failed to present any "evidentiary support for the City's assertions concerning tattooing's purported effect on tourism."  Opinion at p. 12.    Thus, application of the "results obtained" factor supports Buehrle's fee award.

A review of some of the other relevant factors articulated in <u>Johnson v. Georgia Highway</u>, however, also supports the award of the fee amount requested by Buehrle.  The "time and labor" factor — the factor most obviously subsumed in the lodestar analysis — has been discussed at length above.  As detailed in the affidavit of Wayne LaRue Smith, the fees charged by TSLF in this appeal are the customary rates charged by TSLF in similar matters.

The question raised by this appeal was of circuit-wide (Florida, Alabama, and Georgia) importance, and the issue before this Court was one of first impression.  For just that reason, however, the experience and research gleaned from TSLF's representation in the prior tattoo litigation against the City served Buehrle well in terms of both expertise and efficiency. Indeed, the skills necessary for this case were honed in are unique to Buehrle's counsel.

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

The experience, ability and reputation of Mr. Wayne LaRue Smith and Brett Tyler Smith involved in this case are fully set forth in the Wayne Affidavit along with a brief description of the firm of TSLF and its experience in First Amendment litigation.

Thus, under the traditional "lodestar" analysis combined with the application of the relevant Johnson factors, Buehrle respectfully submits that he has demonstrated that the fees incurred in seeing this appeal to a successful conclusion are reasonable and should be awarded in their entirety.

Steven Robert Kozlowski, an attorney with 20 years' experience who has practiced in Miami and Key West, Florida since being admitted, including before this Court, is familiar with the market rates for attorneys in Florida. He opines that the rates requested here are reasonable, fair, and well within the rates customarily charged by Key West, Florida attorneys with similar experience. See Affidavit of Steven Robert Kozlowski.

## **CONCLUSION**

Having demonstrated the reasonableness of the time spent and the reasonableness of the rates charged, the lodestar amount - the product of the two - is established. There is a "strong presumption that this lodestar figure…represents a 'reasonable' fee [which] is wholly consistent with the rationale behind the usual

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

fee-shifting statute, including the one in the present case." <u>Pa. v. Del. Valley</u>

<u>Citizens' Council for Clean Air</u>, 478 U.S. 546 (U.S. 1986).

**WHEREFORE**, Appellant, Brad Buehrle, respectfully requests that this

Court enter an order awarding Buehrle's reasonable attorneys' fees in the amount

of Forty-Eight Thousand Seven Hundred Twelve and 50/100 Dollars ($48,712.50),

and for such further relief as the Court deems just and proper.

Dated: February 2, 2016                    Respectfully submitted,

                                    /s/ Brett Tyler Smith
                                    WAYNE LaRUE SMITH
                                    Florida Bar No. 031410
                                    BRETT TYLER SMITH
                                    Florida Bar No. 85412
                                    THE SMITH LAW FIRM,
                                    a professional association
                                    509 Whitehead Street
                                    Key West, FL 33040
                                    Court-Filings@TheSmithLawFirm.Com

*Brad Buehrle v. City of Key West*                    Appeal No. 14-15354-E

## <u>CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)</u>

1.    This Application for Appellate Attorney's Fees complies with the page-volume limitation of Fed. R. App. P. 27(d)(2) because this motion does not exceed 20 pages.

2.    This Motion complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font.

By: /s/<u>Brett Tyler Smith            </u>
Attorney for Appellant, Brad Buehrle

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 2, 2016, pursuant to Federal Rules of Appellate Procedure 25(d), the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, by U.S. mail those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.

By: /s/<u>Brett Tyler Smith                </u>
Attorney for Appellant, Brad Buehrle

*Brad Buehrle v. City of Key West*                                    Appeal No. 14-15354-E

## <u>SERVICE LIST</u>
*Brad Buehrle v. City of Key West*
Case No. 13-cv-10103-JEM
Appeal No. 14-15354-E
<u>United States Circuit Court, Southern District of Florida</u>
<u>Key West</u>

***Counsel for Appellee City of Key West***
(service by CM/ECF)
Michael T. Burke, Esquire (338771)
Johnson, Anselmo, Murdoch,
Burke, Piper & Hockman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida  33304
T: (954) 463-0100
F: (954) 463-2444
E: Burke@jambg.com

                         /s/ Brett Tyler Smith
                         WAYNE LaRUE SMITH
                         Florida Bar No. 031410
                         BRETT TYLER SMITH
                         Florida Bar No. 85412
                         THE SMITH LAW FIRM,
                         a professional association
                         Attorney for Appellant
                         Brad Buehrle
                         509 Whitehead Street
                         Key West, Florida 33040
                         T: (305) 296-0029
                         F: (305) 296-9172
                         E: Court-Filings@TheSmithLawFirm.Com